UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Katie Rizzo, <br><br> Plaintiff, <br> v. <br><br> United Receivables Group, LLC, <br><br> Defendant. | Civil Action No.:  2:18-cv-10917 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Katie Rizzo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Katie Rizzo ("Plaintiff"), is an adult individual residing in Mayville, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant United Receivables Group, LLC ("United"), is a South Carolina business entity with an address of 572 John Ross Parkway, Suite 107-12, Rock Hill, South Carolina 29730, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. United at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to United for collection, or United was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. United Engages in Harassment and Abusive Tactics

10. In or around October 2017, United contacted Plaintiff's place of employment in an attempt to collect the Debt.

11. Plaintiff told United not to call her at work.

12. United also spoke with one of Plaintiff's coworkers, who again informed United that Plaintiff could not accept personal calls at work.

13. Moreover, on or about November 29, 2017 Plaintiff received a voicemail message from United stating that it was an "important legal notification" and that they were calling about "allegations of fraud." In addition to being false, the message failed to inform Plaintiff that the call was an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

15. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted Plaintiff at her place of employment.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and/or legal status of the Debt.

22. Defendant's conduct violated 15 U.S.C. § 1692e(3) in that Defendant misled Plaintiff into believing the communication was from a law firm or an attorney.

23. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

24. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

25. Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform Plaintiff that a communication was an attempt to collect the Debt.

26. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Punitive damages against Defendant; and
5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 20, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Katie Rizzo
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com